USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/10/2022

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DAOL REXMARK UNION STATION LLC; and
KOOKMIN BANK CO., LTD., in its capacity as
trustee of KTB CRE DEBT FUND NO. 8, a Korean
Investment Trust, by its agent in Korea DAOL
FUND MANAGEMENT CO. and by its agent in
United States REXMARK HOLDINGS LLC d/b/a
REXMARK,

                          Plaintiffs,

       v.

UNION STATION SOLE MEMBER, LLC,

                          Defendant.

Case No. 1:22-cv-6649

**ORDER TO SHOW CAUSE FOR
PRELIMINARY INJUNCTION**

Upon the declaration of Michael Rebibo, sworn to on the 4th day of August, 2022, and the exhibits attached thereto, the accompanying memorandum of law, and upon the copy of the complaint hereto annexed, it is

ORDERED, that the requested preliminary injunction be adjudicated on an expedited schedule and that Defendant Union Station Sole Member, LLC ("USSM") show cause before a motion term of this Court, at Room 12C, United States Courthouse, 500 Pearl Street, in the City, County, and State of New York, on August 23, 2022, at 2 o'clock in the afternoon thereof, or as soon thereafter as counsel may be heard, why an order should not be entered:

           a)        Pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining USSM, its officers, directors, members, employees, agents, and all those acting in concert with any of them (the "Restrained Parties"), during the pendency of this action, from holding itself out as the owner of Union Station Investco, LLC ("USI") or otherwise having an interest in the

management or operation of Washington Union Station ("Union Station"); collecting bills and invoices from utilities, vendors, and other third parties with regard to Union Station; directing the current property-management company, Jones Lang LaSalle Americas, Inc., in regards to the management, operation, and funding of Union Station; writing checks for the operation or funding of Union Station; negotiating renewal leases with or terminating leases of current tenants of Union Station; negotiating new leases with prospective tenants of Union Station; informing third parties to direct matters and concerns about Union Station to USSM rather than Lender; and otherwise interfering with Lender's rightful ownership of USI (the "Ownership Activities");

b)      Pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Restrained Parties, during the pendency of this action, from interfering with Lender's rights under Section 5.2.2 of the Mezzanine Loan Agreement to act as attorney-in-fact for USSM, with Lender having the exclusive power to collect, receive, and retain any condemnation award and having the exclusive power to make any compromise or settlement in connection with the pending condemnation action, indexed at *National Railroad Passenger Corporation (Amtrak) v. Sublease Interest Pertaining to Described Leasehold Interests at Washington Union Station, et al.*, 1:22-cv-01043-APM (D.D.C.) (the "Condemnation Activities," together with the Ownership Activities, the "Restrained Activities"); and

c)      Granting such other relief as the Court deems just and proper.

IT IS FURTHER ORDERED, that personal service of a copy of this order and annexed declaration upon USSM or its counsel on or before 5 o'clock in the afternoon, August 12, 2022, shall be deemed good and sufficient service thereof.

IT IS FURTHER ORDERED, that any opposition to Plaintiffs' request for a preliminary injunction shall be filed no later than August 15, 2022.  Plaintiffs' reply, if any, is due no later than August 19, 2022.  The deadline for Defendant to answer or otherwise respond to the complaint is extended to the later of the date that is twenty-one days following the date of service of the complaint and September 17, 2022.

The Clerk of Court is directed  to terminate the motion pending at Dkt. No. 14.

SO ORDERED.

Dated:  August 10, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge