UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAOL REXMARK UNION STATION LLC and KOOKMIN BANK CO. LTD., in its capacity as Trustee of KTB CRE DEBT FUND NO. 8, a Korean Investment Trust, by its agent in Korea DAOL FUND MANAGEMENT CO. and by its Agent in United States REXMARK HOLDINGS LLC d/b/a REXMARK,<br><br>Plaintiffs,<br><br>v.<br><br>UNION STATION SOLE MEMBER, LLC,<br><br>Defendant, | Civil Action No. 1:22-CV-06649-GHW<br><br>**AMICUS BRIEF OF AMTRAK IN SUPPORT OF NEITHER PARTY** |

National Railroad Passenger Corporation ("Amtrak") respectfully submits this amicus brief in support of neither party. On April 14, 2022, Amtrak filed a Condemnation Action in the United States District Court for the District of Columbia, taking by eminent domain the leasehold interest of Union Station Investco LLC in Washington Union Station ("WUS" or the "Station"). *See National Railroad Passenger Corporation v. Union Station Investco LLC et al.*, No. 22-cv-01043 (D.D.C.) ("Condemnation Action"). Along with its Complaint, Amtrak filed a declaration of taking and deposited $250 million dollars with the court. Pursuant to 49 U.S.C. § 24311(b)(2), title to the leasehold interest immediately vested in Amtrak.

Amtrak takes no position on the Lender's claims or request for preliminary injunctive relief relating to the management or ownership of Union Station Investco, LLC ("USI"). But as Judge Mehta has stated at a recent status conference, Amtrak "certainly [has] an interest" in this litigation.

1

*See* Exhibit A (Transcript of Aug. 9, 2022 Status Conference at 22:24-23:12).  Given Amtrak's interest, Amtrak seeks to inform the Court about the issues before Judge Mehta in the Condemnation Action so that this Court does not inadvertently tread on issues already pending before Judge Mehta and/or within Judge Mehta's exclusive jurisdiction.

**ARGUMENT**

Amtrak wishes to raise with the Court four issues that may arise here in a manner that could inadvertently conflict with, interfere with, or intrude on the Condemnation Action before Judge Mehta in the District of Columbia.

First, this Court may not decide any issues regarding Amtrak's condemnation of WUS.  Under 49 U.S.C. § 24311(b)(1), condemnation litigation "must be brought in the district court of the United States for the judicial district in which the property is located."  WUS is located at 50 Massachusetts Avenue, NE, Washington, D.C., 20002.  Accordingly, only the United States District Court for the District of Columbia has jurisdiction over Amtrak's Condemnation Action.  As Judge Mehta has explained, the Condemnation Action involves a series of phased questions: first, did Amtrak legally conduct the condemnation; second, if so, how much must Amtrak pay in compensation; and third, who is entitled to that compensation.  *See* Exhibit B (Transcript of July 21, 2022 Hearing at 5:4-6:1).  Judge Mehta observed that the dispute between Lender and USSM has no bearing on the first two sets of questions.  *Id.* at 6:2-7:20.  Amtrak agrees.  Those issues—whether Amtrak legally conducted the condemnation, as well as the amount Amtrak must pay in compensation—are core to the Condemnation Action and exclusively in Judge Mehta's jurisdiction.

Second, because Amtrak is the current holder of the title to the leasehold interest, 49 U.S.C. § 24311(b)(2), the Court should take care not to inadvertently imply that the Lender or any other

entity possesses or controls that leasehold interest. The Lender's proposed order appropriately seems to define the relevant ownership interests at issue here in terms of the parties' ownership "of USI" rather than their ownership of the leasehold interest. To the extent that the Court fashions its own Order, Amtrak respectfully requests that the Court be mindful of the important distinction between ownership or control of USI, on the one hand, and ownership or control of the leasehold interest and/or Station, on the other hand.

Third, pending before Judge Mehta is the question whether Amtrak has a current right to possess the Station. Amtrak has filed a Motion for Immediate Possession of the Subject Property Interest. *See* Exhibit C. That Motion argues that Amtrak, as condemnor, has the immediate right to possess the leasehold interest pursuant to the quick-take procedures set forth in 49 U.S.C. § 24311(b)(2). Judge Mehta has issued a briefing schedule, and oppositions to Amtrak's Motion are due September 23, 2022. And he will decide that Motion pursuant to § 24311(b)(2)(A), which states that in deciding the Condemnation Action, the presiding court may set "the time by which, and the terms under which, possession of the property is given to Amtrak." Accordingly, the question of when and how Amtrak shall take possession is likewise within Judge Mehta's exclusive jurisdiction.

Although it appears that Lender is not asking this Court to rule on any question related to possession, it is important that the Court not inadvertently wade into that territory. In its Complaint here, Lender claims that Union Station Investco, LLC ("USI")—the entity Lender claims it owns and controls—"currently has the right to possession and control of the leasehold interest in Union Station…." Complaint ¶ 19; *see also id.* ¶ 2, 112. That allegation is inconsistent with Amtrak's right to possession and control of the leasehold interest—the subject of the Condemnation Action. Accordingly, in deciding the Lender's motion, this Court should take care not to inadvertently

3

touch on the Lender's rights to possession and control of the leasehold interest, particularly vis a vis Amtrak.

Fourth and finally, it is important to Amtrak that there not be any sort of rushed transition with respect to the management of the Station. After filing the Condemnation Action, Amtrak learned that the Lender intended to terminate the management agreement with WUS's current property manager, Jones Lang LaSalle ("JLL"). When Amtrak learned about the termination, Amtrak filed an Emergency Motion for Interim Term of Possession, seeking a court order maintaining the status quo with respect to the Station's property manager until Amtrak took possession. *See* Exhibit D. That Motion was accompanied by a declaration from Dr. David Handera explaining that the "unclear and quick transition of property management at WUS creates a crisis for Amtrak and its operations and raises critical issues as to who we should deal with, what authority people have, whether critical missions can be met, and whether emergency situations at WUS will be able to be handled" after a transition. *See* Exhibit D, Attachment 2 at ¶ 10. In response to Amtrak's filing, the Lender opted to withdraw the notice of termination to JLL, filing a "Suggestion of Mootness" in which Lender represented to Judge Mehta that they "will not take action to remove JLL as property manager until such time as the Court rules on the issues of the validity of the taking and possession of the property or until further order of the Court." *See* Exhibit E. Amtrak respectfully requests that this Court take care not to issue an order that would inadvertently change the status quo with respect to the management of WUS, particularly given the Lender's commitment before Judge Mehta not to remove JLL. That is, Amtrak requests that this Court take care not to inadvertently change "the terms under which, possession of the property is given to Amtrak." 49 U.S.C. § 24311(b)(2)(A).

4

**CONCLUSION**

For the foregoing reasons, Defendant Amtrak respectfully requests that this Court not take any action that could inadvertently conflict with, interfere with, or intrude on the Condemnation Action pending in the United States District Court for the District of Columbia, as discussed herein.

Dated: New York, New York
       August 24, 2022

                                          Respectfully submitted,

                                          JENNER & BLOCK LLP

                                          By:___/s Gianni Servodidio_____
                                          Brian J. Fischer
                                          Gianni P. Servodidio
                                          1155 6th Avenue
                                          New York, New York 10036
                                          (212) 891-1600
                                          bfischer@jenner.com
                                          gservodidio@jenner.com

                                          Patricia K. Lambert (pro hac forthcoming)
                                          PESSIN KATZ LAW, P.A.
                                          901 Dulaney Valley Road, Suite 500
                                          Towson, MD  21204
                                          Telephone: 410-938-8800
                                          plambert@pklaw.com

                                          *Attorneys for Amicus National Railroad Passenger Corporation d/b/a Amtrak*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 24, 2022, I caused the foregoing AMICUS BRIEF OF AMTRAK IN SUPPORT OF NEITHER PARTY to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices

Dated: August 24, 2022                                      /s/ Gianni P. Servodidio
                                                                                      Gianni P. Servodidio