USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/25/2022

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

DAOL REXMARK UNION STATION LLC; and KOOKMIN BANK CO., LTD., in its capacity as trustee of KTB CRE DEBT FUND NO. 8, a Korean Investment Trust, by its agent in Korea DAOL FUND MANAGEMENT CO. and by its agent in United States REXMARK HOLDINGS LLC d/b/a REXMARK,

       Plaintiffs,

   v.

UNION STATION SOLE MEMBER, LLC,

       Defendant.

Case No. 1:22-cv-06649-GHW

**PRELIMINARY INJUNCTION ORDER**

---

  WHEREAS, Plaintiffs Daol Rexmark Union Station LLC ("Union Station Sub") and Kookmin Bank Co., Ltd., in its capacity as trustee ("Trustee") of KTB CRE Debt Fund No. 8, a Korean Investment Trust ("Trust"), by its agent in Korea Daol Fund Management Co. ("Daol") and by its agent in United States Rexmark Holdings LLC d/b/a Rexmark ("Rexmark," together with Union Station Sub, Trustee, Trust, and Daol, "Lender" or "Plaintiffs") having moved for an order to show cause why a preliminary injunction should not issue against Defendant Union Station Sole Member, LLC ("USSM");

  WHEREAS, on August 10, 2022, the Court entered the Order to Show Cause and set a briefing schedule and hearing date;

  WHEREAS, pursuant to the Order to Show Cause, USSM was served with a copy of the signed Order to Show Cause and its supporting papers, including the complaint, declaration of Michael Rebibo, dated August 4, 2022, and the exhibits attached thereto, and the accompanying memorandum of law;

WHEREAS, on August 22, 2022, nonparty National Railroad Passenger Corporation ("Amtrak") filed a motion for leave to file an amicus brief (ECF Doc. No. 33);

WHEREAS, the Court granted Amtrak's motion for leave to file an amicus brief (ECF Doc. No. 36);

WHEREAS, the Court reviewed the papers filed in support and opposition, including the Declaration of Michael Rebibo, dated August 4, 2022 (ECF Doc. No. 7), the exhibits attached thereto, and Plaintiffs' memorandum of law (ECF Doc. No. 8); USSM's memorandum of law in opposition (ECF Doc. No. 27), the Declaration of Yossi Preiserowicz, dated August 15, 2022 (ECF Doc. No. 28), the exhibits attached thereto, the Declaration of David E. Ross, dated August 15, 2022 (ECF Doc. No. 29), and the exhibits attached thereto; Plaintiff's reply memorandum of law (ECF Doc. No. 30), the Declaration of Y. David Scharf, dated August 19, 2022 (ECF Doc. No. 31), the exhibits attached thereto, the Reply Declaration of Michael Rebibo, dated August 19, 2022 (ECF Doc. No. 32), and the exhibits attached thereto; and Amtrak's amicus brief (ECF Doc. No. 33);

WHEREAS, on August 23, 2022 at 2:00 p.m., Plaintiffs and Defendant appeared for an Order to Show Cause hearing;

IT IS HEREBY ORDERED, that, for the reasons stated on the record at the Order to Show Cause Hearing, the requested preliminary injunction is warranted under Rule 65 of the Federal Rules of Civil Procedure. The Court therefore grants the following injunctive relief (the "PI Order"):

    a)    Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court enjoins USSM, its officers, directors, members, employees, agents, and all those acting in concert with any of them (the "Restrained Parties"), during the pendency of this action, from (1) holding

itself out as the owner or in control of Union Station Investco, LLC ("USI"); (2) exercising or purporting to exercise any contractual or other legal right of USI; (3) collecting, transferring, seizing, or directing the transfer of any assets or liabilities of USI; and (4) impeding the collection or transfer of any assets to USI that are owed to it.

IT IS FURTHER ORDERED, as sufficient cause has been shown, that transmitting a copy of this PI Order by e-mail to USSM's counsel and by ECF filing on or before __5__ o'clock in the  afternoon,  August  25, 2022, shall be deemed good and sufficient service thereof.

The Restrained Parties are hereby given notice that they may be deemed to have actual notice of the terms of this PI Order and any act by them or any one of them in violation of this PI Order may be considered and prosecuted as in contempt of this Court.

Plaintiffs shall post a $500,000.00 bond by Monday, August 29, 2022, which shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

This PI Order shall remain in effect during the pendency of this action, or until further order of the Court.

Any party may move to modify this PI Order on two (2) days' notice to the other party or on shorter notice as set by the Court.

SO ORDERED.

Dated: August 25, 2022
       New York, New York

                                            GREGORY H. WOODS
                                     United States District Judge