# EXHIBIT 2

# ALSTON & BIRD

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000 | Fax: 704-444-1111

April 26, 2021

**VIA E-MAIL AND UPS OVERNIGHT DELIVERY**

Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, D.C. 20001-3743
Attention: Michael D. Goodwin, Esq.

Re: Mortgage loan in the original principal amount of Three Hundred Thirty Million and No/100 Dollars ($330,000,000.00) (the "***Loan***") made by Citi Real Estate Funding Inc., a New York corporation ("***Citi***") and Natixis Real Estate Capital LLC, a Delaware limited liability company ("***Natixis***"; together with Citi, individually and/or collectively as the context may require, "***Original Lender***") to Union Station Investco LLC, a Delaware limited liability company ("***Borrower***").

Dear Mr. Goodwin:

Reference is hereby made to that certain Loan Agreement, dated as of May 8, 2018, made by and between Borrower and Original Lender, as modified by that certain First Modification of Loan Agreement and Forbearance, dated as of July 8, 2020, made by and between Borrower and Wilmington Trust, National Association, as trustee for the registered holders of US 2018-USDC, Commercial Mortgage Pass-Through Certificates Series 2018-USDC ("***Lender***") (as amended, modified, restated and/or replaced from time to time, the "***Loan Agreement***"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Loan Agreement.

Reference also is made to that certain Guaranty of Recourse Obligations, dated as of even date with the Note, made by Ben Ashkenazy, an individual, having his primary residence at 995 5th Avenue, 14th Floor, New York, New York 10028 ("***Guarantor***") in favor of Original Lender. Guarantor is copied on this letter and is hereby given notice of its contents.

We represent Wells Fargo Bank, National Association, acting in its capacity as special servicer ("***Special Servicer***") of the Loan on behalf of Lender (the current holder of all of Original Lender's interest therein). We write in response to your letter dated April 12, 2021 (the "***April 12, 2021 Letter***"), which, among other things, conveyed certain proposed terms of the Proposed Transaction (as defined in the April 12, 2021 Letter). Specifically, in the Proposed Transaction, Borrower would issue a fifty percent (50%), indirect interest in Borrower to an undisclosed sovereign wealth fund (the "***Sovereign Wealth Fund***"), subject to approval from the Committee on Foreign Investment in the United States ("***CFIUS***").

LEGAL02/40575190v4

As you know, pursuant to that certain First Modification of Loan Agreement and Forbearance, dated as of July 8, 2020, by and among Borrower, Guarantor and Lender, Lender agreed, as an accommodation to Borrower, to defer payment of the Deferred Obligations (as defined therein) which included, among other things, deferring payment of the Monthly Debt Service Payment Amounts due from May, 2020 through and including February, 2021.  Such Deferred Obligations were to be repaid in two (2) equal monthly installments (each a Deferral Catch-Up Payment) in March 2021 and April 2021.  An Event of Default has occurred and continues under this Loan as a result of Borrower failing to make the Deferral Catch-Up Payments that were due to Lender in March, 2021 and in April, 2021 (collectively, the "***Continuing Events of Default***").  As a result of the Continuing Events of Default, the Loan has been accelerated and interest continues to accrue on the entire outstanding balance of the Loan at the Default Rate.  A complete accounting of all accrued but unpaid sums under the Loan (including, but not limited to, default interest, costs and expenses (including legal fees and costs) and late payment charges) is available upon request.

As you also know, pursuant to Section 8.3 of the Loan Agreement, the Proposed Transaction requires the consent and approval of the Special Servicer in all respects.  Please note that Lender remains willing to consider the Proposed Transaction.  However, until payment of the Missed Deferral Catch-Up Payment is made to Lender, Special Servicer is not in a position to consider the Proposed Transaction further.  Lender has afforded Borrower a number of accommodations over the past year and Lender needs Borrower to remedy its serious payment failures in order to move forward.  Please be advised that Lender is under no obligation to approve the Proposed Transaction if Borrower timely makes the Missed Deferral Catch-Up Payment.

Although Special Servicer absolutely remains willing and open to discuss the Proposed Transaction further with Borrower once the Missed Deferral Catch Up Payment is made, Special Servicer hereby notifies you that Special Servicer, on behalf of Lender, has initiated steps to conduct a foreclosure proceeding against Borrower in accordance with the terms and conditions of that certain Leasehold Deed of Trust, Security Agreement, Assignment of Leases and Rents, Financing Statement and Fixture Filing, dated as of May 8, 2018 and recorded in the official records of Washington, D.C. (as amended, modified, restated and/or replaced from time to time, the "***Deed of Trust***"), the other Loan Documents, and applicable law.

**We also wish to advise you that as a result of the Continuing Event of Default, late fees and default interest have accrued on the Loan in an aggregate amount of $16,312,976.04 (calculated as of April 23, 2021).  As a further accommodation to Borrower, Special Servicer hereby agrees that it will accept payment of the Deferral Catch-Up Payments that were due to Lender in March and April 2021 (such amounts totaling $10,830,977.91) (the "Missed Deferral Catch-Up Payment") without payment of the applicable late fees and/or default interest accruing on the same solely as a result of the Continuing Events of Default, provided the Missed Deferral Catch-Up Payment is paid to Lender on or before May 9, 2021.  If such amounts are not paid to Lender on or before May 9, 2021, the accommodation of this paragraph shall be null and void.**

Special Servicer, on behalf of Lender, expressly reserves its right to exercise any and all rights and remedies available under any of the Loan Documents, at law or in equity, without further notice to Borrower or Guarantor.  No action by Special Servicer and/or Lender, including but not limited to the giving and contents of this letter, or any delay or failure by Special Servicer and/or Lender to exercise at this time (or at any time hereafter) any of its rights and remedies shall

constitute a waiver of any term, provision, condition, covenant or agreement contained in any of the Loan Documents, nor shall same prejudice any of Lender's rights under the Loan Documents, at law or equity.  Additional defaults and/or Events of Default may exist and Lender specifically reserves its rights with respect thereto and all of its rights and remedies under the Loan Documents, at law or in equity.  Additionally, Borrower is obligated to pay for all fees and expenses incurred by Special Servicer and/or Lender in connection with this matter, including, without limitation, attorneys' fees and expenses.

Borrower and Guarantor are hereby notified that (i) no discussions among Borrower, Guarantor and/or Lender (or each of their respective counsel) regarding the Loan are binding on any party unless reduced to a writing signed by all parties and (ii) no partial payment which may be, or has been, made or received with respect to the Loan shall constitute an agreement by Lender to waive demand for full payment of the amounts for which Borrower or any other party is obligated under the Note and the other Loan Documents, and shall in each event be subject to the terms and conditions set forth in that certain letter agreement, dated as of April 27, 2020, by and among Borrower and Lender (the "***PNL***"); provided, however, this notice shall not be subject to the provisions of Section 11 of the PNL. All funds received by Lender shall be applied in accordance with the terms of the Loan Documents.  Furthermore, the enumeration of any specific Event of Default in this notice is not intended, and shall not be deemed, to waive any other Defaults or Events of Default that may currently exist under the Loan Documents.

All rights and remedies available to Lender are cumulative and may be exercised separately, successively or concurrently in Lender's sole and absolute discretion.  Lender reserves all rights and remedies available under the Loan Documents and at law, in equity or otherwise and notwithstanding any other provision of this letter, Lender reserves the right immediately to initiate enforcement action to collect all sums due under the Loan Documents and/or collect, protect and/or preserve the collateral securing the Loan.  Please be guided accordingly.

[SIGNATURE PAGE FOLLOWS]

Sincerely,

Elizabeth Murphy, Esq.

cc:

Union Station Investco LLC
c/o Ashkenazy Acquisition Corp.
150 East 58th Street
Penthouse
New York, New York 10155
Attention: Ben Ashkenazy

Ben Ashkenazy
995 5th Avenue, 14th Floor
New York, New York 10028

Kriss & Feurstein LLP
360 Lexington Avenue
New York, New York 10017
Attention: David Kriss, Esq.
Facsimile No.: (646) 454-4160

Wells Fargo Bank, National Association
Three Wells Fargo
401 S. Tryon Street, 8th Floor
MAC D1050-084
Charlotte, North Carolina 28202
Attention:  Roger Briggs

Union Station
LEGAL02/40575190v3