March 28, 2023

**VIA ECF**
Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   <u>Daol Rexmark Union Station LLC et al. v. Union Station Sole Member, LLC</u>,
      <u>No. 1:22-cv-06649-GHW</u>

Dear Judge Woods:

Pursuant to Rule 2(C)(ii) of Your Honor's Individual Rules of Practice in Civil Cases, counsel for both parties submit this joint letter regarding a discovery dispute in this case. Defendant intends to seek an order compelling Plaintiffs to produce documents in response to additional document requests. Plaintiffs oppose. The parties have engaged in meet-and-confer via phone and email, but could not resolve the dispute, requiring the submission of this letter. A copy of the parties' email correspondence related to Defendant's discovery requests is attached hereto as Exhibits A and B.

**Defendant's Position**

Since discovery began in this case, Plaintiffs have repeatedly refused to comply with their obligations under the Federal Rules of Civil Procedure and relevant law. First, Plaintiffs refused to engage in discovery at all—requiring a letter to the Court and briefing a Rule 56(d) opposition to Plaintiffs' motion to summary judgment. Then, after the Court denied the motion and ordered that discovery should proceed, Plaintiffs agreed to conduct searches and produce documents in response to a sub-set of Defendant's original requests and Defendant reserved its right to seek additional documents after it reviewed the initial production.[1] *See, e.g.*, Ex. A at 5, 8. The parties agreed on narrow search terms that ultimately hit on approximately 8,000 email communications and other documents. Plaintiffs reviewed all of these documents, of which they produced 488.[2]

Following review of Plaintiffs' limited production, Defendant requested production of non-privileged documents responsive not just to the narrow agreed-upon initial requests, but in response to the document requests that Defendant served at the outset of discovery but limited to

---

[1]   As anticipated in Defendant's Rule 56(d) opposition, Defendant also served subpoenas for documents on four parties. Defendant continues to confer with the subpoenaed parties about those requests, and will bring any unresolved issues to the Court expeditiously.

[2]   In addition to the agreed-upon search terms and hit reports, Plaintiffs collected documents from K&L Gates LLP, Plaintiffs' deal counsel in connection with the loan at issue in this litigation. Of the 1,382 documents collected from K&L Gates, Plaintiffs produced three— one email with two attachments.

documents that hit upon the agreed-to search terms that already were collected and reviewed by Plaintiffs' counsel.[3]  Plaintiffs refused, citing relevance and proportionality.  Finally, Defendant agreed to limit their requests to documents responsive to four specific discovery requests, but again limited to the set of documents Plaintiffs had already collected and reviewed.  *See* Ex B at 6.  Plaintiffs would need to collect no additional documents, run no new search terms, and only produce documents they already have reviewed.   But, Plaintiffs again refused, asserting that the narrowed requests were "overbroad, disproportionate to the needs of the case and [] not acceptable."  *See* Ex. B at 4.  Plaintiffs' repeated refusals to produce relevant and responsive documents does no more than delay Defendant's taking discovery.  And, any further delay threatens the parties' ability to complete discovery in the time permitted by the Court.

A party may seek discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  In this case, Plaintiffs have sought a declaration that they extinguished Defendants interest in Union Station in Washington, D.C. and that Defendant should be precluded from participation in a related condemnation proceeding in D.C. Federal court.  In response to Plaintiffs' claim, Defendant has raised both contractual and equitable defenses.  In particular, Defendant has asserted equitable defenses based on bad acts by Plaintiffs and their predecessor-in-interest as Lender for the Mortgage Loan.  These defenses were discussed at length in Defendant's Rule 56(d) Opposition to Plaintiffs' Motion for Summary Judgment.  *See* ECF No. 65 at 14-18; *see also* Declaration of Yossi Preiserowicz, ECF No. 67; Declaration of Ben Ashkenazy, ECF No. 69 (both describing facts relevant to Defendant's defenses).

Upon review of Defendant's arguments, the Court granted Defendant an opportunity to take discovery, ruling that Defendant's defenses, if proven, could raise a genuine issue of material fact sufficient to defeat a motion for summary judgment.  *See* Transcript of January 4, 2021 Hearing ("MSJ Transcript"), ECF No. 88, at 10:2-3.  The requests to which Defendant now seeks to compel a response directly are related to the defenses the Court already reviewed and are necessary to develop the factual record the Court already envisioned.

Specifically, Defendants anticipate moving to compel production of documents responsive to the following limited requests:
- Documents and Communications concerning the drafting and negotiation of the Loan Documents
- Documents and communications concerning existing or prospective tenants at Union Station.
- Documents and communications concerning Union Station and Cushman and Wakefield
- Documents and communications concerning Union Station and Blackrock, SL Green, Wells Fargo, or Amtrak.

As explained in its Rule 56(d) Opposition, Defendant asserts that Plaintiffs' interference with Plaintiffs' existing tenant relationships—and with Plaintiffs' ability to sign new tenant leases— prevented them from rehabilitating the property and coming current on the Loans.  Moreover, Defendants assert that bad acts by the previous Mortgage Loan lender also had that effect and

---

[3]   A copy of the search terms agreed upon by the Parties is attached hereto as Exhibit C.

would have prevented Plaintiffs' alleged foreclosure.[4]  Plaintiffs, as the successor-in-interest to these entities, could be precluded by the inequitable conduct.  Finally, the Requests also encompass information central to Plaintiffs' allegations in this case, on which the Court has already noted that Defendant "should have the opportunity to take discovery."  *See* MSJ Transcript at 10:22-11:5.  These include discovery of ambiguous provisions of the contract on which Plaintiffs rely and Plaintiffs' relationship, if any, with Amtrak prior to the initiation of this and other related litigations.

At Plaintiffs' request, Defendant explained these bases for discovery in correspondence with Plaintiffs.  *See* Ex. B at 6.  Rather than respond on the substantive relevance of the requests, Plaintiffs simply stated that the requests were overbroad and not proportional to this case.  This can be no excuse where Defendant is not asking Plaintiff to review any additional documents that they have not already reviewed in order to complete their production.  *Tutor Time Learning Centers, LLC v. KOG Indus., Inc.*, 2013 WL 12363550, at *3 (E.D.N.Y. Apr. 5, 2013) ("[T]he burden and expense of producing such discovery does not outweigh the probative value, as Plaintiff claims that it has already reviewed the files for each of these identified operators.").  Thus, Defendant seeks leave to file a motion to compel Plaintiffs to produce documents in response to Defendants' four document requests outlined above.[5]

**Plaintiffs' Position**

USSM's accounting of the events fails to tell the whole story.  On December 1, 2022, when the parties were before this Court regarding the discovery dispute that USSM has now re-presented, the Court expressly advised USSM to meet and confer with Plaintiffs ("Lender") to narrow the discovery requests. *See* Ex. D (12/1/2022 Hearing Tr. at 30).   To that end, Lender has, in good faith, discussed and negotiated the parameters of narrowed discovery.

By contrast, despite the admonitions provided by the Court, USSM continues to seek extensive discovery, which is neither relevant nor proportional to the needs of this case, and merely serves to unduly burden Lender. USSM's initial document requests consisted of 24 overly broad requests, seeking three years' worth of data, including all "Document and Communications related to Union Station." *See* Ex. E (USSM's Initial Document Requests). The parties had lengthy negotiations that resulted in a set of narrowly tailored document requests based on what would be relevant to the claims and defenses in this litigation. Lender agreed to conduct a search of documents responsive to those requests using broad search terms proposed by USSM.  The search terms encompassed more than 100 individual terms and resulted in approximately 8,000

---

[4]  Because the Mortgage Loan previously was securitized, the relevant actors as "Lender" for these purposes include Wells Fargo and SL Green, the Special Servicers for the securitization at all relevant times, and Blackrock, the Directing Holder of the securitization.

[5]  While the correspondence in Exhibit A also concerns other issues, Defendant is not seeking leave to file a motion with respect to them at this point.  In particular, Plaintiffs have agreed to search for and produce text messages and web-based messages responsive to Defendant's requests (and Defendant anticipates Plaintiffs will do so to any of the four requests in this letter).  Likewise, while the parties continue to dispute certain of Plaintiffs' privilege withholdings, Defendant anticipates being able to resolve them without Court intervention.

3

documents to review. Lender's document collection efforts also included gathering documents and communications from outside counsel at K&L Gates LLP, with respect to one of USSM's document requests. After reviewing all of the collected documents for relevance, Lender produced 489 responsive documents, 93 of which were withheld for privilege.

USSM now claims that the originally agreed-upon narrowing is insufficient. USSM presumably wants a second bite at the apple because the original agreed-upon requests apparently did not yield any support for its meritless defenses. USSM seeks to compel the production of additional documents and communications responsive to its original expansive requests under the guise that they are "narrowed and specific." Lender informed USSM that its "narrowed and specific" requests appear nearly identical to its original ones and invited USSM to tailor the requests so that it could meaningfully advance the discovery process. Lender requested a meet and confer to try and resolve this outstanding issue. The parties conducted the meet and confer on March 24, 2023, wherein USSM stood by its position regarding its overly broad document requests and refused to narrow the requests, forcing the parties to seek judicial intervention.

USSM seeks the production of documents responsive to four requests that it claims are "limited" in scope. But they are not. In reality, they are even broader than USSM's Initial Document Requests served at the inception of this action. A comparison of the requests asserted by USSM in its portion of the joint letter versus the requests made by USSM in its Initial Document Requests demonstrates this expansion:

- USSM now requests: "Documents and communications concerning the drafting and negotiation of the Loan Documents."
    - This remains identical to USSM's Initial Document Request No. 5 even though only the Mezzanine Loan Agreement is at issue in this litigation.
- USSM now requests: "Documents and communications *concerning* existing or prospective tenants at Union Station." (emphasis added)
    - Initial Document Request No. 12: "Documents and Communications *reflecting efforts to communicate with or meet with* existing or prospective tenants at Union Station." (emphasis added)
- USSM now requests: "Documents and communications concerning Union Station and Cushman and Wakefield."
    - Initial Document Request No. 9: "Documents concerning and Communications with CW related to Union Station."
- USSM now requests: "Documents and communications *concerning* Union Station and Blackrock, SL Green, Wells Fargo, or Amtrak." (emphasis added)
    - USSM combined four separate document requests into one. The original document requests asserted by USSM in its Initial Requests are as follows:
        - Initial Document Request No. 20: "Communications *with* Blackrock relating to Union Station." (emphasis added)
        - Initial Document Request No. 21: "Communications *with* SL Green relating to Union Station." (emphasis added)
        - Initial Document Request No. 22: "Communications *with* Wells Fargo relating to Union Station." (emphasis added)

4

- Initial Document Request No. 10: "Documents concerning and communications *with* Amtrak concerning Union Station." (emphasis added)

As shown above, three out of the four requests asserted in USSM's portion of this joint letter expand beyond USSM's Initial Document Requests. For example, many of the Initial Document Requests sought communications *with* certain entities. Now, USSM seeks all communications *concerning* those entities, which significantly expands the scope of requested information. USSM has also broadened the subject area of the requested documents. Instead of seeking only documents and communications regarding communication efforts with existing or prospective tenants, now USSM wants all documents and communications *concerning* these entities. This request could include something as inconsequential at a utility bill sent to a tenant, which clearly has no bearing on the claims or affirmative defenses in this action. Moreover, USSM combines multiple document requests within one request in a blatant attempt to conceal the breadth and depth of information it is seeking. Finally, USSM'S request for "Documents and communications concerning the drafting and negotiation of the Loan Documents" contains the same overbreadth Lender originally objected to – only the Mezzanine Loan Agreement is at issue here, but USSM's request encompasses the Mortgage Loan and corollary documents unnecessarily. This request, along with the others, is simply not proportionate to the needs of this case.

Contrary to USSM's assertions, the burden on Lender is not minimal. Because the new requests are broader, Lender will now have to engage in new and additional document reviews. Lender will have to re-conduct the document review of thousands of documents to determine a new scope of responsiveness. USSM claim that "Plaintiffs would need to collect no additional documents, run no new search terms, and only produce documents they already have reviewed" is false. In order to produce additional documents to a new set of expanded requests, Lender would be required to *re-review* every single one of the 8,000 documents it already reviewed in January for a second time. Lender may need to run additional search terms and review the documents that are generated from those searches as well. The burden on Lender of having to re-do its discovery obligations is substantial and should not be imposed here. *See Matter of Energetic Tank, Inc.*, No. 118CV1359PACRWL, 2019 WL 13211467, at *2 (S.D.N.Y. Oct. 24, 2019) (internal citations and quotations omitted) ("While [d]iscoverability is determined by the broad standard of relevance, the Federal Rules do not grant a license for unrestricted discovery.");*Wright v. New Moda, L.L.C.,* No. 17-CV-9737 (JGK)(SN), 2019 WL 2071158, at *4 (S.D.N.Y. May 10, 2019) (denying Plaintiff's motion to compel discovery where such a request would result in Defendant having to "re-do its discovery efforts.").

USSM's request for further documents is merely an attempt to delay and prolong discovery and avoid getting to a determination on the merits. The request for production of documents responsive to the four requests outlined in USSM's portion of this joint letter should be denied.

\*          \*          \*

The parties thank the Court for its consideration of this matter.

| KASOWITZ BENSON TORRES LLP | MORRISON COHEN LLP |
|---|---|
| /s/ *David E. Ross* | /s/ *Richard Hong* |
| David E. Ross | Richard Hong |
| *Attorneys for Defendant* | *Attorneys for Plaintiffs* |