N4A6OAC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  DAOL REXMARK UNION STATION
   LLC, *et al*.
4
                  Plaintiff,
5
              v.                        22 CV 06649(GHW)
6                                       Teleconference
   UNION STATION SOLE MEMBER,
7  LLC,

8                 Defendant.

9  ------------------------------x
                                       New York, N.Y.
10                                     April 10, 2023
                                       12:10 p.m.
11
   Before:
12
                     HON. GREGORY H. WOODS,
13
                                       District Judge
14
                            APPEARANCES
15
   MORRISON COHEN LLP
16      Attorneys for Plaintiffs
   BY:  RICHARD S. HONG
17       MAHNOOR MISBAH
         AMBER WILL
18
   KASOWITZ, BENSON, TORRES LLP
19      Attorney for Defendant
   BY:  DAVID EVAN ROSS
20       ANDREW BRELAND

21

22

23

24

25

1          (The Court and all parties appearing telephonically)

2          THE COURT:  I'm going to begin by taking appearances

3     from the parties.  I'm going to start with counsel for

4     plaintiffs.  I'm going to ask the principal person for each

5     side to identify him or herself and the members of their team

6     rather than having each lawyer introduce themselves

7     individually.

8          Again, let me start with counsel for plaintiffs.

9     Who's on the line for plaintiffs?

10          MR. HONG:  Good afternoon, your Honor.  This is

11     Richard Hong from Morrison Cohen, for the plaintiffs.  With me

12     are Amber Will and Mahnoor Misbah.

13          Good afternoon, your Honor.

14          THE COURT:  Thank you very much, good afternoon.

15          Who's on the line on behalf of defendants?

16          MR. ROSS:  Your Honor, good afternoon, David Ross and

17     Andrew Breland from Kasowitz Benson on behalf of Union Station

18     Sole Member.

19          THE COURT:  Good afternoon.  Thank you.

20          So let me start with a few brief instructions for the

21     parties at the outset.

22          As you know, this is a public proceeding.  Any member

23     of the public or press is welcome to dial in at any time, so I

24     ask you to please keep the possibility that third parties will

25     be auditing this conference in mind.

1          Second, please state your name each time you speak in

2     the conference.  Please keep your line on mute except when

3     you're intentionally speaking to participants on the call.

4          Please abide by instructions by our court reporter

5     that are designed to help her do her job.

6          And I order there be no recording or rebroadcasting of

7     all or any portion of this proceeding.

8          So, counsel, I scheduled this as an opportunity to

9     conclude our conversation from Friday.  I'm sorry that we

10     weren't able to finish the work that afternoon, but there were

11     a number of things that I had to do during that window of time,

12     including a number of applications for parole for people to

13     spend time with family for Easter, that I needed to finish by

14     5:00 p.m.  So I had to adjourn before I could rule on the

15     disputed issue that brought us together on Friday.

16          So I have had the opportunity to consider the

17     arguments that you presented during the course of that

18     conference as well as the written submissions that you provided

19     to me previously.  I think I have a view regarding the, what is

20     appropriate in my view, outcome with respect to these issues.

21          Before I turn to my view of those issues, though, let

22     me hear from each of the parties.  Is there anything that

23     either of you would like to add to the arguments that you

24     presented to me during the course of our conference last week?

25     I'll start with counsel for defendant.

1    Counsel.

2        MR. ROSS:  Yes, your Honor, David Ross.

3        Over the weekend, we tried to consider whether there

4    might be a compromise that would further reduce the burden on

5    the plaintiffs in responding to these particular document

6    requests.  Here's what we came up with, your Honor:

7        The suggestion is that if there is a concern that the

8    8,000 hits include privileged documents that have not

9    previously been reviewed for privilege, that the plaintiff

10   could run appropriate searches to identify the privileged

11   documents that are included in that, segregate them completely,

12   take the remainder of the documents, and produce them to us,

13   putting the burden on us to go through them to find documents

14   responsive to the requests that we're interested in.

15       The concern that sensitive information is included in

16   that, which Mr. Hong mentioned in his remarks, I think it's

17   addressed by the fact that there's a confidentiality order in

18   place, and we're obviously limited to the use of the documents

19   for this case.

20       As to the privileged documents, they can then be

21   reviewed, and determine those that are responsive to the

22   requests and would be appropriate to put on the categorical

23   privilege log of the kind that they've previously been

24   providing us to.

25       We think that's a reasonable compromise that puts most

1  of the burden on us to look at documents that may not be

2  responsive and addresses the concerns that have been expressed.

3        Thank you, your Honor.

4        THE COURT:  Thank you.

5        Counsel for plaintiffs, anything from you?

6        MR. HONG:  Your Honor, we appreciate the latest

7  proposal that the counsel for defense made.  I wish he had

8  actually made it over the weekend so we could have thought

9  about it over the weekend and given you a quick answer to it.

10  I think, however, given that we have not had further time to

11  think about this, I still think there will be a significant

12  burden, and we are obviously reluctant to turn over documents

13  without our review -- our appropriate views on it.

14        Even when we tried to limit the burden on us, to the

15  extent that we can, I still think there's a significant burden

16  here.  I think if there are ways to minimize that, we certainly

17  would think about that, but I think, as it stands right now,

18  even with the modification, I think the burden is too

19  significant for it.

20        And when you look at the Rule 26 analysis, what the

21  Court needs to look at, balancing obviously the relevant

22  proportionality and the burden, all the things that are

23  required.  In this case, the second request that came in three

24  months after the documents were reviewed were just too far.  It

25  just does not favor a compelling disclosure of these things.

1    So for those reasons, as well as what we argued last

2    Friday, as well as what's in our papers, we think that the

3    request should be denied because it is just too broad and too

4    burdensome under the circumstances, your Honor.

5    THE COURT:  Thank you very much.

6    Thank you, counsel on both sides, for your arguments

7    and for your submissions.  Let me just begin with a few

8    background notes about the legal standard that I applied in

9    considering the application.

10    As the parties know, district courts have wide

11    latitude to determine the scope of discovery.  The Federal

12    Rules of Civil Procedure establish liberal limits on the scope

13    of discovery.  Rule 26(b)(1) provides:

14    "The parties may obtain discovery regarding any

15    non-privileged matter that is relevant to any parties' claim or

16    defense and proportional to the needs of the case, considering

17    the importance of the issue at stake in the action, the amount,

18    and controversy, the parties' relative access to relevant

19    information, the parties' resources, the importance of the

20    discovery in resolving the issues, and whether the burden or

21    expense of the proposed discovery outweighs its likely benefit.

22    Information within the scope of discovery need not be

23    admissible in evidence to be discoverable."  The Federal Rules

24    of Civil Procedure 26(b)(1).

25    "Although not unlimited, relevance for purposes of

discovery, is an extremely broad concept." *Condit v. Dunne*,
225 F.R.D. 100, 105 (S.D.N.Y. 2004).

"Information is relevant if: (a) it has any tendency
to make a fact more or less probable than it would be without
the evidence; and (b) the fact is of consequence in determining
the action.  Relevance is a matter of degree, and the standard
is applied more liberally in discovery than it is at trial."
*Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *11 (S.D.N.Y.
Feb. 16, 2016) (internal quotations and citations omitted).

While the federal discovery rules are liberal, they
are not boundless.  The 2015 amendments to the federal rules
reemphasize the importance of the "proportionality" of a
discovery request to the litigation.  And Rule 26(b)(2)(C)
requires that a court limit the frequency or extent of
discovery if it determines that: "(i) the discovery sought is
unreasonably cumulative or duplicative, or can be obtained from
some other source that is more convenient, less burdensome, or
less expensive; (ii) the party seeking discovery has had ample
opportunity to obtain the information by discovery in the
action; or (iii) the proposed discovery is outside the scope
permitted by Rule 26(b)(1)."

In addition, the rules permit a person from whom
discovery is sought to make a motion for a protective order to
limit discovery.  Such a motion must contain a certification
that the movant has in good faith conferred with the affected

1   parties to resolve the dispute.  Federal Rules of Civil

2   Procedure 26(c)(1).

3        "The burden of demonstrating relevance is on the party

4   seeking discovery...Once relevance has been shown, it is up to

5   the responding party to justify curtailing discovery."

6   *Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 431 (S.D.N.Y.

7   2011) (citation omitted)

8        However, "[g]eneral and conclusory objections as to

9   relevance, overbreadth, or burden are insufficient to exclude

10  discovery of requested information."  *Lindsey v. Butler*, 2017

11  WL 4157362, at *3 (S.D.N.Y. Sept. 18, 2017)

12       "Rather, a party requesting discovery has the burden

13  of showing 'specifically how, despite the broad and liberal

14  construction afforded the federal discovery rules, each

15  interrogatory is not relevant or how each question is overly

16  broad, burdensome, or oppressive.'"  *Lindsey*, 2017 WL 4157362,

17  at *3.

18       So having considered all of the relevant law and what

19  the parties presented during or conference last Friday and as

20  amplified here today, I do not conclude that the request as

21  initially formulated in the discovery requests propounded by

22  defendant are overly broad or disproportionate to the need of

23  this litigation.

24       Let me say at the outset that the information

25  requested is broadly relevant; that here, neither party has

1   made an argument that the information sought is irrelevant.

2   And I conclude that the information sought is relevant to the

3   defense's end arguments presented by the defense here.

4   　　　The principal focus of the objection relates to the

5   burden associated with the production of these documents, and

6   as is often the case, it's often presented through the claim of

7   proportionality.  Here, counsel for defendant argued during our

8   prior conference that defendant's substantial amount at issue

9   in this case, that even if the cost of the production of this

10  incremental discovery is as counsel described it, such a

11  quantum of discovery should not be considered to be

12  disproportionate to the needs of the case.  Fundamentally, I

13  agree with that.

14  　　　This is a commercial dispute at which a substantial

15  amount of money is potentially at issue, as framed by the

16  defense.  In light of the nature of the case and the resources

17  of the parties, the quantum and additional labor associated

18  with this work, assuming that it is, as plaintiff's counsel

19  describe, is not, in my view, disproportionate to the needs of

20  the case, nor is the burden here undue.

21  　　　I understand and appreciate what the cost of the

22  discovery here will be, and I accept that it is, as counsel for

23  plaintiff has represented it, but again, that degree of cost is

24  not undue given the nature and scope of this case.

25  　　　I appreciate what I will describe as the compromise

1    offer made by counsel for defendant.  I am not going to order

2    that plaintiff proceed in that way because as Mr. Hong

3    reasonably notes that plaintiff has made requests to know the

4    full content of the documents that they are handing over before

5    they hand them over.

6           However, to the extent that the plaintiffs make the

7    judgment call that a production in the manner outlined by

8    counsel for defendant would not be, I'll call it, problematic

9    from their perspective, and it would save time and therefore

10   money, given that defendants has offered that alternative

11   approach, I would endorse a production that is framed in that

12   way, notwithstanding the fact that the production would not

13   otherwise be compliant with the general rule; which is that

14   productions either be provided in the format in which the

15   records are found or in response to the specific request to

16   which they relate.  Here, I understand that defendant is

17   offering to allow plaintiff to essentially provide all of the

18   documents without describing to which specific requests each is

19   responsive.

20          And to the extent that plaintiffs wish to save money

21   by conducting their production in a way that defendant has

22   offered, I authorize that here as a way to permit the parties

23   to save money and time.  I'm not, however, ordering it.  It

24   will be for plaintiffs to decide how you wish to proceed given

25   the tradeoffs between the two approaches.

1    It's meaningful for me in determining that the burden

2    is not undue, that defendants made a prior concession which I'd

3    just like to underscore here; namely, that the incremental

4    production will come from the subset of what the parties have

5    described as 8,000 documents that were previously pulled during

6    the search process.  In other words, in order to respond to

7    these additional, I'll call it, incremental discovery requests,

8    plaintiffs are not required to conduct additional searches to

9    generate additional documents beyond what we're referring to as

10   8,000 odd documents that were previously identified.  So the

11   search here is limited to that previously identified universe

12   of documents.

13       I'd just like to say, you can tell it is implicit in

14   my decision here, I do not believe that it's inappropriate for

15   the defendant to seek to expand upon its discovery requests —

16   having received their response and discovered that their

17   curtailed earlier negotiated approach does not provide them

18   with sufficient information.  As you heard me say at the outset

19   of this ruling, I'm concluding that the request as originally

20   formulated is not disproportionate to the needs of the case,

21   and that they are not unduly burdensome.

22       As a result, I just want to underscore that what I am

23   permitting is for discovery to be completed.  Using the text of

24   the previously articulated discovery requests propounded by the

25   defendant, to the extent that there is a delta, a difference

1  between what I described as the framing request presented in

2  this letter and the text of the corresponding discovery

3  request, it is the text of the originally propounded discovery

4  request with which the plaintiff must comply.

5          So that's it.  Again, I apologize for not being able

6  to give you this feedback at the end of our conference last

7  week.  I just couldn't stay on the line at that time.  And I

8  appreciate the parties' willingness to join again today.

9          I'll issue a short order later today, perhaps

10  tomorrow, that embodies this decision.

11          Is there anything else that we need to take up before

12  we adjourn?  Let me start with counsel for plaintiffs.

13          Counsel.

14          MR. HONG:  Not at this time, but discovery is ongoing,

15  your Honor, so if we have additional issues, we'll raise it at

16  the appropriate time.

17          THE COURT:  Good.  Thank you very much.  I appreciate

18  it.

19          Counsel for defendant.

20          MR. ROSS:  No, your Honor.  David Ross.  No, thank

21  you.

22          THE COURT:  Thank you, all.

23          (Adjourned)

24

25