# Exhibit C

# KASOWITZ BENSON TORRES LLP

DAVID E. ROSS
DIRECT DIAL: (212) 506-1748
DIRECT FAX: (212) 835-5048
DRoss@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

November 3, 2023

**VIA EMAIL**
Y. David Scharf
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
dscharf@morrisoncohen.com

    Re:    *Daol Rexmark Union Station LLC et al. v. Union Station Sole Member, LLC*, No. 1:22-cv-06649-GHW

Dear David:

On behalf of Defendant Union Station Sole Member LLC ("USSM"), I write in response to your letters dated October 26, 2023 and November 1, 2023 regarding the October 25, 2023 deposition of Ben Ashkenazy.

**Issues Related to Mr. Ashkenazy's Document Production**

Your October 26 letter and part of your November 1 letter concern Mr. Ashkenazy's production of documents in response to the subpoena you served in this action.

As to the claimed concerns in your first letter, your contention that we did not produce metadata for Mr. Ashkenazy's text messages is incorrect. We produced all metadata associated with responsive text messages, including "custodian" metadata" indicating that the messages were sent or received by Mr. Ashkenazy. Based on your contention, we conferred with our in-house litigation support team and our external discovery vendor to determine if there was additional metadata beyond that which already was produced. There is none.

We are in the process of recollecting and processing data from Mr. Ashkenazy's phone in order to produce the text messages as "conversations" (technically as images of "RSMF" format documents). For the avoidance of doubt, however, Mr. Ashkenazy's production of text messages to date has been completely appropriate. We ran each of the search terms Plaintiffs suggested over messages collected from Mr. Ashkenazy's phone and other devices, and we produced messages hitting on those search terms along with any obvious responses. *See, e.g.*, USDC_Ashkenazy_00000030-31, 32-33, 451-52. That said, we will re-produce the messages as

KASOWITZ BENSON TORRES LLP

Y. David Scharf, Esq.
November 3, 2023
Page 2

"conversations" and expect to be able to do so next week. And on the topic of recordings, we are collecting recordings from Mr. Ashkenazy and will produce any recordings responsive to your subpoena next week.

And as to the arguments in your second letter, Mr. Ashkenazy produced all documents responsive to your subpoena. Indeed, your concern about email communications was addressed as part of the parties' meet-and-confer process. As we explained to others on your team, Mr. Ashkenazy's only email address is his corporate "aac.com" email account. That email account is in the possession, custody, and control of Ashkenazy Acquisition Corporation and Union Station Sole Member LLC, not Mr. Ashkenazy personally. Your document requests to the company sought only "documents and communications upon which USSM relies" for its defenses in this action, while your requests to Mr. Ashkenazy were in some respects broader. As a result, and as we have previously explained, Defendant's search and collection of documents, including emails, was narrower than the search of Mr. Ashkenazy's personal files. Subject to its additional responses and objections communicated on April 28, 2023 and June 21, 2023, Defendant has produced the documents and communications in its possession, custody, and control that it relies upon for its defenses. Mr. Ashkenazy has produced all documents and communications in his possession which are responsive to the document requests in the subpoena directed at him.

**Attorney-Client Privilege**

You further complain about Mr. Ashkenazy's invocation of privilege at his deposition. Mr. Ashkenazy's invocation of and refusal to waive privilege is entirely proper. The law is clear that questions seeking "mental impressions, conclusions, opinions, and legal theory," such as what kinds of facts specifically underlie or support a legal conclusion, impermissibly seek privileged work product. *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 363 (S.D.N.Y. 2002). Depositions "are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." *Id*. at 362. Plaintiffs were free to ask and did ask Mr. Ashkenazy about (a) facts and events and (b) the legal positions he has taken. But information about the arguments counsel will make, including what facts underlie legal arguments, is not proper deposition testimony, especially from a non-party witness.

**Questions Related to Mr. Ashkenazy's Net Worth**

You have also asked us to "withdraw" our objections to questions related to Mr. Ashkenazy's net worth. Because these questions have no relevance to this action, we stand by the objections. Defendant is a legal entity separate and apart from Mr. Ashkenazy. Mr. Ashkenazy's available assets are not relevant to whether USSM had the ability to become current or to repay or refinance the loans at issue. Instead, as we stated during Mr. Ashkenazy's deposition, your questions about Mr. Ashkenazy's net worth are simply attempts to circumvent the stay of discovery entered by the Court in the action by Plaintiffs against Mr. Ashkenazy under the limited recourse guaranties.

KASOWITZ  BENSON  TORRES LLP

Y. David Scharf, Esq.
November 3, 2023
Page 3

**Deposition of Daniel Levy**

Finally, your November 1 letter ends by requesting a deposition of Daniel Levy. We object to any attempt to take Mr. Levy's deposition now, years after Plaintiffs knew about his role in the events giving rise to this case.

The time to notice new depositions is over. In the last order extending discovery in this case, the Court noted that discovery was being extended "for the sole purpose of completing depositions that have already been noticed." *See* ECF No. 109 at 2. And Plaintiffs cannot complain that they had no knowledge of Mr. Levy's involvement in the facts underlying this case. Quite the contrary—Plaintiffs have long been aware of his role. For one, in response to Plaintiffs' early summary judgment motion, USSM submitted an affidavit from Mr. Levy. Plaintiffs did not seek his deposition then. Instead, Plaintiffs sought a Rule 30(b)(6) deposition of USSM and merely asked, during a meet-and-confer, whether Mr. Levy would be the corporate designee. We confirmed that he would not, but Plaintiffs did not seek his testimony then either. This delayed request is particularly striking because Mr. Levy's involvement in the facts underlying this case include multiple conversations with Plaintiffs' primary representative, Michael Rebibo, who knew about Mr. Levy's role for years.

**USSM's Outstanding Requests**

We are still waiting on a response to our request, sent on October 13, 2023, for production of the numerous categories of documents discussed during the deposition of Jaesang Eum. Specifically, we requested 1) the power of attorney pursuant to which Mr. Rebibo has acted and is permitted to act for the Lender, 2) the written monthly or weekly reports Mr. Eum described during his depositions, and 3) copies of the "communications summaries" sent by Rexmark to Mr. Eum and others at the Daol companies, at least some of which are referenced in the exhibits we used at Mr. Eum's deposition. Please advise when those documents will be produced.[1]

<p style="text-align:center">*          *          *</p>

USSM reserves all rights.

<p style="margin-left:50%">Respectfully,

/s/ *David E. Ross*

David E. Ross</p>

---

[1] During Mr. Ashkenazy's deposition, your behavior and statements were violative of the Rules, grossly improper, and unprofessional. We intend to address them with the Court.