

Amber R. Will
Senior Counsel
(212) 735-8853
awill@morrisoncohen.com

May 31, 2024

**VIA ECF**

Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Daol Rexmark Union Station LLC, et al. v. Union Station Sole Member, LLC*,
              No. 1:22-cv-06649-GHW (S.D.N.Y.)

Dear Judge Woods:

      On behalf of Plaintiffs Daol Rexmark Union Station LLC ("Union Station Sub") and Kookmin Bank Co, Ltd., in its capacity as trustee ("Trustee") of KTB CRE Debt Fund No. 8, a Korean Investment Trust (the "Trust"), by its agent on behalf of the Trust in Korea, Daol Fund Management Co. ("Daol"), and by its agent on behalf of the Trust in the United States, Rexmark Holdings LLC d/b/a Rexmark ("Rexmark," collectively with Union Station Sub, Trustee, the Trust, and Daol, "Lender"), we write in response to the Rule 4(ii) letter filed by Defendant Union Station Sole Member, LLC ("USSM") on May 30, 2024, regarding its position on sealing and redactions of documents filed with USSM's Opposition to Lender's Motion for Summary Judgment (the "Second Sealing Letter," ECF Doc. No. 164). "[S]ealing should not be done without a compelling reason." *Rotger v. Montefiore Med. Ctr.*, No. 1:15-cv-7783-GHW, 2018 WL 11214575, at *1 (S.D.N.Y. Mar. 30, 2018) (Woods, J.) (quotation omitted). USSM has offered no compelling reasons to justify sealing in this case.

      Consistent with USSM's attempt to seal documents in connection with Lender's Motion for Summary Judgment (ECF Doc. No. 152), the Second Sealing Letter does not demonstrate why USSM's Local Rule 56.1 Counterstatement and supporting declarations should be filed under seal. The same deficiencies from USSM's prior application to seal the Contribution Agreement and related documents, as well as entire deposition transcripts, apply here, and Lender respectfully incorporates its prior arguments herein. (*See* ECF Doc. No. 155.) USSM has provided no additional basis to justify the sealing of documents in this case. The burden falls on USSM to demonstrate why sealing is necessary, and USSM has failed to meet that burden. *In re Keurig Green Mtn. Single-Serve Coffee Antitrust Litig.*, Nos. 14-MD-2542 (VSB), 14-MC-2542 (VSB), 2023 WL 196134, at *1 (S.D.N.Y. Jan. 17, 2023).

      The Second Sealing Letter also lists certain exhibits attached to the Declarations of Joe Press and David Ross that USSM filed under seal "to protect commercially sensitive and personal

Hon. Gregory H. Woods
May 31, 2024
Page 2

information or because the documents were produced by Plaintiffs or a third-party and were designated 'Confidential.'" (ECF Doc. No. 164.) It is Lender's position that none of the exhibits listed contain a level of sensitive, proprietary business information that warrants sealing. It is unclear whether USSM is seeking to file the 8 exhibits attached to the Press Declaration under seal on the basis that any of the documents contain unidentified commercially sensitive and personal information. To the extent that USSM's only basis to have these documents filed under seal is because they were previously marked Confidential, Lender has no objection to Exhibits 6 and 8 being filed on the public record.

Lender notes that during the discovery conference held on May 22, 2024, the Court indicated that it would rule on the sealing issues at the same time as it ruled on Lender's Motion for Summary Judgment. Lender respectfully requests the Court to deny USSM's Second Sealing Letter and direct the parties to file unredacted motion papers and exhibits in both Lender's Motion for Summary Judgment and USSM's Opposition to Lender's Motion for Summary Judgment.

    Respectfully,

    */s/ Amber R. Will*

    Amber R. Will

cc:     All counsel of record, via ECF