# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

David E. Ross
Direct Dial: (212) 506-1748
Direct Fax: (212) 835-5048
DRoss@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

June 4, 2024

**VIA ECF**

Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: *Daol Rexmark Union Station LLC et al. v. Union Station Sole Member, LLC*,
     No. 1:22-cv-06649-GHW (S.D.N.Y.)

Dear Judge Woods:

  On behalf of Defendant Union Station Sole Member LLC ("USSM"), we write in response to Plaintiffs' May 31, 2024 letter (ECF Doc. No. 173) which responded to our May 30, 2024 letter (the "May 30 Letter"; ECF Doc. No. 164) which we filed pursuant to Rule 4(ii) of Your Honor's Individual Rules of Practice in Civil Cases (the "Rules of Practice") and which requested that certain documents filed in connection with USSM's Opposition to Plaintiff's Motion for Summary Judgment be filed under seal. This letter also responds to certain statements made by Plaintiffs in their letter of May 10, 2024 ("the May 10 Letter"; ECF Doc. No. 155) which responded to USSM's May 9, 2024 letter (the "May 9 Letter"; ECF Doc. No. 152) regarding the sealing of documents filed by Plaintiffs in connection with their summary judgment motion.

  The May 30 Letter identified several exhibits produced by third parties and designated "Confidential" under the Stipulated Confidentiality Agreement and Protective Order entered in this action. We have advised those parties pursuant to the Court's Rules of Practice, and those parties will advise the Court if they believe the documents they produced should remain under seal.

  The May 30 Letter further advised the Court that USSM filed its Local Rule 56.1 Counterstatement and the Declarations of Joe Press and David Ross under seal and that it has filed redacted versions publicly. These documents were filed under seal because they contain quotations from and paraphrases of documents that are under seal, including the third-party documents referred to above as well as a number of USSM's confidential documents that were previously filed under seal in connection with Plaintiffs' summary judgment motion. In its May

KASOWITZ BENSON TORRES LLP

Hon. Gregory H. Woods
June 4, 2024
Page 2

9 Letter, USSM identified 8 documents out of more than 50 documents filed by Plaintiffs in support of their summary judgment motion that USSM seeks to remain under seal.  These include an equity contribution agreement with a non-party (the "Contribution Agreement") and related correspondence and three deposition transcripts.  The Plaintiffs filed the Contribution Agreement and its exhibits consisting of more than 400 pages with their motion even though the contents of the Contribution Agreement are not at issue on this motion.  Accordingly, Plaintiffs' statement in their May 10 Letter that the Contribution Agreement is a "judicial document" is incorrect since the contents of this document are not in dispute and are therefore not relevant to the performance of the judicial function.  *See Cardwell v. Davis Polk and Wardwell LLP,* 2022 WL 17175759 at *1 (S.D.N.Y. Nov. 23 2022).

     Similarly, Plaintiffs have filed as exhibits the complete deposition transcripts of Joe Press, Ben Ashkenazy and Daniel Levy even though only relatively few portions of these transcripts are addressed in the parties' motion papers and are therefore at issue in the pending summary judgment motion.  There is no valid reason for placing the complete transcripts in the public record or placing the burden on USSM to review and designate for redaction the large portions of these transcripts that are not relevant to the motion. Moreover, the transcripts contain sensitive financial information of the individual non-parties, especially personal financial information of Ben Ashkenazy, that should remain sealed.  Plaintiffs offer no reason for unsealing personal financial information of individual non-parties.[1]

     Accordingly, Plaintiffs' request to unseal all filed documents is unwarranted and should be denied.

Respectfully,

*/s/ David E. Ross*

David E. Ross

---

[1] Similarly, the recordings filed as an exhibit to my declaration (Declaration of David Ross) in support of Defendant's opposition should remain under seal, because the recordings contain additional personal information about Mr. Ashkenazy which could not reasonably have been excluded from the filing without materially altering the recordings.