USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
DAOL REXMARK UNION STATION LLC; *and*   :
KOOKMIN BANK CO., LTD., *in its capacity as trustee of* :
KTB CRE DEBT FUND NO. 8, *a Korean Investment* :  1:22-cv-6649-GHW
*Trust, by its agent in* Korea DAOL FUND :
MANAGEMENT CO. *and by its agent in United States* :  ORDER
REXMARK HOLDINGS LLC *d/b/a* REXMARK, :
:
                         Plaintiffs, :
:
           -against- :
:
UNION STATION SOLE MEMBER, LLC, :
:
                         Defendant. :
:
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

On May 2, 2024, Plaintiffs filed a motion for summary judgment in this case. Dkt. No. 141. Substantially all of the records presented to the Court in connection with the motion were filed in "party view" only format, including the contracts that are the subject of the motion. In a May 9, 2024 letter, counsel for Defendant Union Station Sole Member LLC ("USSM") agreed that most of the documents that had not been publicly filed could be disclosed. Dkt. No. 152 (the "May 9 Letter").

However, the May 9 Letter identified eight documents that Defendant believed should remain under seal in their entirety, including a contribution agreement and documents related to a proposed business transaction with a sovereign wealth fund, and the entirety of the depositions of Joe Press, Ben Ashkenazy and Daniel Levy. *Id.* at 1. In support of the application to seal those documents, Defendant asserted that the contribution agreement "contains sensitive and confidential business information concerning a potential business transaction" and that the deposition transcripts

"contain sensitive business and personal information concerning USSM, its affiliates, principals and employees." *Id.* at 2.

On May 10, 2024, Plaintiffs responded to the May 9 Letter. Dkt. No. 155 (the "May 10 Letter"). In the May 10 Letter, Plaintiffs took the position that Defendants had failed to justify filing those documents entirely under seal. Plaintiffs noted that Defendant's letter failed to explain why the documents involving the potential transaction with a sovereign wealth fund "differ from other transaction documents regularly filed on the record." *Id.* at 1. "If these documents contain some sensitive business information, they can be redacted for that limited purpose—a task USSM failed to attempt." *Id.* Plaintiffs took the same position with respect to the deposition transcripts: "Surely, the entire transcripts cannot contain one piece of sensitive business information after another. Indeed, much of the testimony discusses other documents that USSM does not argue require continued sealing." *Id.* at 2. Plaintiffs argued that targeted redactions might be warranted, but that wholesale sealing was not.

On May 30, 2024, Defendant submitted a letter motion requesting leave to file several documents and related portions of witnesses' declarations under seal. Dkt. No. 164 (the "May 30 Motion"). Defendant asked that the documents be filed under seal "in order to protect commercially sensitive and personal information or because the documents were produced by Plaintiffs or a third-party and were designated 'Confidential' under the Confidentiality Agreement in force in this [a]ction." *Id.* at 1. For those documents that Defendant sought to seal because they were produced by non-parties or Plaintiffs, Defendant committed to "inform the producing party that the documents have been filed in order to provide that party an opportunity to seek to seal the documents in perpetuity." *Id.* at 2. No such application has been received by the Court with respect to any of the documents identified in the May 30 Motion.

On June 4, 2024, Defendant filed another letter regarding the sealing of records filed in connection with the motion for summary judgment. Dkt. No. 174 (the "June 4 Letter"). The June

2

4 Letter responded to the arguments presented by Plaintiffs in their June 10 Letter. Defendant argued that the equity contribution agreement with a third party was not a judicial document, because its content was not in dispute. *Id.* at 2. And Defendant argued that Plaintiffs' decision to file the entirety of several deposition transcripts in connection with the summary judgment motion improperly placed the burden on it "to review and designate for redaction the large portions of these transcripts that are not relevant to the motion." *Id.* Defendant contended that "the transcripts also contained sensitive financial information of the individual non-parties, especially personal information of Ben Ashkenazy, that should remain sealed." *Id.*

Earlier today, the Court issued its opinion resolving the pending motion for summary judgment. As a result, it is now able to evaluate Defendant's request to seal the identified documents. Because Defendant has not presented sufficient information to overcome the presumption of public access to judicial documents, Defendant's motion to seal the identified documents is denied.

## II.   LEGAL STANDARD

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620–621 (S.D.N.Y. 2011). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir.

3

1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quotation omitted); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,* 814 F.3d 132, 141 (2d Cir. 2016) (requiring that a court make "specific, rigorous findings before sealing a document or otherwise denying public access"). Examples of "higher values" that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third parties. *See E.E.O.C. v. Kelley Drye & Warren LLP,* No. 10 Civ. 655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (collecting cases).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted). "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the

4

federal courts.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

### III. ANALYSIS

#### A. Defendant's Sealing Request is Not Justified

Defendant has failed to meet its burden to show that the documents identified for sealing should be sealed. Step one of the Circuit's test is easily satisfied: all of the documents presented to the Court in connection with the motion for summary judgment are judicial documents. Defendant's argument that a document considered by a Court in resolving a motion, such as the contribution agreement here, is a not a judicial document because its content is not in dispute has no merit. Because the Court considered the content of the document in resolving the motion, it is "relevant to the performance of the judicial function and useful in the judicial process[.]" *Amodeo*, 44 F.3d at 145. Step one of the test established by *Mirlis* is readily satisfied.

With respect to step two, the presumption of public access to the information Defendant seeks to shield from the public has substantial weight. "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Mirlis*, 952 F.3d at 59 (quoting *Amodeo*, 71 F.3d at 1049). Because the Court considered all of the documents in connection with its assessment, they each have some weight. The weight of all portions of these documents is not equal. For example, not all of the content of the contribution agreement with the sovereign wealth fund has substantial weight. But the existence of that transaction, its basic terms and several of its conditions have very high weight. That is because Defendant put the transaction and its conditions at issue by asserting that the rejection of the transaction by the mortgage lender was inequitable. Similarly, information regarding Mr. Ashkenazy's personal finances has substantial weight in this case because of his personal guarantee; Defendant again put that issue in controversy through the

assertion of its affirmative equitable defenses in this case. Defendant has requested that the Court seal these records in their entirety. Considered in their entirety, the records Defendant seeks to seal have substantial weight. Step two weighs heavily against Defendant's request to seal these identified documents in their entirety.

Step three of the Circuit's test requires that the Court consider the countervailing interests that weigh against public disclosure. At the outset, the interest of third parties and Plaintiffs in protecting any documents produced pursuant to the confidentiality agreement in this case, as promoted by Defendant in its May 30 Letter, has essentially no weight. Plaintiffs request the unsealing of these records. Defendant informed the third parties that they could file a motion to seal any documents; none did so. The confidentiality agreement and protective order entered by the Court in this case made clear that the mere designation of a document as "Confidential" would not permit it to be filed under seal. *See* Dkt. No. 84 ¶ 10. Because no third party has presented an argument to support the sealing of any of the records identified in the May 30 Letter, they should not be sealed.

Defendant has not provided a sufficient justification to seal the contribution agreement and related communications. Defendant has provided no factual support for its conclusory assertion that disclosure of those documents would be harmful to any party. The transaction described in those documents did not go forward. It related to a specific asset that no longer belongs to Defendant. Because the information relates to a dead deal that seems unlikely to be renewed, the Court will not seal the documents in their entirety solely because of Defendant's conclusory assertion that it relates to a potential business transaction. Not all commercial information is shielded from public disclosure. No evidence of any potential harm from the disclosure of this information has been presented to the Court.

Similarly, Defendant has not made a sufficient showing to justify sealing the identified depositions in their entirety. The Court appreciates that Defendant's counsel will be required to do

work to propose more targeted redactions. But that incremental burden does not overcome the presumption of public access to judicial documents. The mere fact that some portions of the depositions may contain financial information regarding Defendant or the deponents does not justify sealing the depositions in their entirety. Given the nature of the issues involved in this case, financial information regarding Defendant and Mr. Ashkenazy may have such substantial weight in resolving the issues involved in this case that it may not be properly sealed regardless of the countervailing interest articulated by Defendant.

### IV. CONCLUSION

Because Defendant has not rebutted the presumption of public access, its motion to seal the documents identified in the May 9 Letter, May 30 Motion and June 4 Letter are denied. Accordingly, the Court expects to issue a separate order directing the Clerk of Court to make the documents filed on the docket at Dkt. Nos. 143, 145, 147, 149, 167, 169, 171, 176, 178, and 180 visible to the public on March 12, 2025. To the extent that Defendant wishes to propose targeted redactions to those submissions, it must do so no later than March 7, 2025.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 164 and 174.

SO ORDERED.

Dated: March 3, 2025  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge