# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),<br><br>        Plaintiff,<br><br>    v.<br><br>Sublease Interest Obtained Pursuant to an Assignment and Assumption of Leasehold Interest made as of January 25, 2007, with said property interest Pertaining To Described Leasehold Interests at Washington Union Station located at 50 Massachusetts Avenue, NE Washington, D.C. 20002, et al.,<br><br>        Defendants. | Case No. 1:22-cv-01043-APM |

**DEFENDANT USSM'S RESPONSE TO REQUEST TO EXPEDITE
CONSIDERATION OF MOTION TO DISMISS AND RELATED
MOTIONS AND REQUEST FOR EXTENSION OF TIME TO RESPOND**

Defendant Union Station Sole Member LLC ("USSM") submits this brief response to the request to expedite consideration of the Motion to Dismiss USSM from this proceeding and the related motions filed last night seeking entry of a final judgment on consent and staying all proceedings in this action (the "Motions") by Plaintiff National Railroad Passenger Corporation (Amtrak) ("Amtrak") and Defendants Kookmin Bank Co., Ltd. and Union Station Investco LLC ("USI"). *See* ECF Nos. 167, 168 and 169. USSM also seeks an extension of time to respond to the Motion to Dismiss and the Motion for Entry of a Consent Order from February 13, 2025 until at least February 20, 2025.[1]

---

[1] USSM does not seek to extend the February 10 deadline to oppose the Motion to Vacate Deadlines set by the Court in its February 7, 2025 minute order.

None of the Motions require the Court to deviate from the standard 14-day deadline to oppose permitted by the Court's local rules. *See* Local Rules of the United States District Court for the District of Columbia ("LCvR") 7(b). Indeed, the complexity of the issues raised in the Motions merit an extension of that standard schedule—not its expedition. *Kifafi v. Hilton Hotels Retirement Plan*, 826 F. Supp. 2d 55, 58 (D.D.C. 2011) (denying expedited briefing schedule and allowing additional time to prepare motion "given the complexity of the issues" involved). The effect of the Motions—dismissing USSM to allow the remaining parties to agree to settle this action over USSM's objection—is without precedent. Whether USSM is entitled to just compensation from Amtrak and to share in the condemnation award is inextricably intertwined with Kookmin's and USI's ability to settle this action without USSM's consent. As the Court is well aware, USSM has taken the position from the commencement of this proceeding that it is entitled to share in the award, including because a condemnation award should flow to the party with the interest in the property as of the day of the condemnation (*i.e.*, USSM), not to the current owner. *Danforth v. United States*, 308 U.S. 271, 284 (1939) ("For the reason that compensation is due at the time of taking, the owner at that time, not the owner at an earlier or later date, receives the payment."). Similarly, USSM expects to contest Kookmin's and current USI's ability to settle this action without USSM's consent under the relevant loan contracts

Given these complex issues, none of the Movants have or could show a need to expedite the Motions, and they have not demonstrated any urgency whatsoever in their application. The only authority Amtrak cites is its (oft-repeated) citation to Federal Rule 71.1, authorizing the Court to expedite this proceeding after the date of taking (April 14, 2022). But, this action has been pending for nearly three years, Amtrak did not take "immediate possession" until mid-2024, the parties have engaged in extensive discovery regarding the taking and the Defendants'

expert valuations are due next week. To claim now that expedition to resolve this case is necessary is belied by the record. *See Florida v. United States*, 820 F. Supp. 2d 85, 91 (D.D.C. 2011) (holding that the timeline "belies [movants'] contention that expedition of this action is essential . . . . At this point . . . [movants'] schedule will unfairly prejudice the opposing parties").

The agreement to settle this action on a rushed schedule is nothing more than an attempt to eviscerate USSM's constitutional and statutory right to just compensation. It is noteworthy that Kookmin and USI's Rule 30(b)(6) designee testified that the leasehold in question is worth between $700 million and $1 billion. Despite this, they opted to settle for over $200 million below the lowest end of that range. With hundreds of millions of dollars at stake—and millions spent on litigating this case already—and absolutely no urgency of any kind, USSM should have a full and fair opportunity to fully brief the critically important issues raised by the Motions. The Motions should not be expedited, and USSM requests the full 14 days permitted by this Court's rules to oppose the Motions.[2]

DATED: February 7, 2025

                                                    Respectfully Submitted,

                                                  KASOWITZ BENSON TORRES LLP

                                                  /s/ *David E. Ross*

                                                David E. Ross (*admitted pro hac vice*)
                                                David J. Mark (*admitted pro hac vice*)
                                                Daniel J. Koevary (*admitted pro hac vice*)
                                                1633 Broadway
                                                New York, NY 10019
                                                Telephone: (212) 506-1700
                                                dross@kasowitz.com

---

[2] To the extent necessary to extend the deadline, USSM asks the Court to reconsider its minute order entered this morning in light of the concerns expressed in this filing, which were not considered by the Court prior to the entry of its order.

        dmark@kasowitz.com
        dkoevary@kasowitz.com

        ARENTFOX SCHIFF LLP
        James H. Hulme
        1717 K Street, NW
        Washington, D.C. 20006
        Telephone: (202) 857-6000
        james.hulme@afslaw.com

        *Attorneys for USSM*