# KASOWITZ BENSON TORRES LLP

DAVID E. ROSS
DIRECT DIAL: (212) 506-1748
DIRECT FAX: (212) 835-5048
DROSS@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

March 6, 2025

**VIA ECF**

Hon. Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Daol Rexmark Union Station LLC and Kookmin Bank Co., Ltd v. Union Station Sole Member LLC*, No. 1:22-cv-6649-GHW

Dear Judge Woods:

We represent Defendant Union Station Sole Member LLC ("Sole Member") in the above-referenced case. We write in response to the March 4, 2025 letter (the "Letter") submitted by Plaintiffs [ECF No. 189] which seeks permission to file a motion for contempt against USSM for allegedly violating the Court's Preliminary Injunction Order [ECF No. 39]. The proposed motion, which seeks to sanction conduct the Court explicitly excluded from the Preliminary Injunction, is frivolous and the request to file it should be denied.

Nothing in the Preliminary Injunction Order bars USSM from participating in the Condemnation Action (defined in the Letter) to protect USSM's interests in that Action and Plaintiffs' letter omits important context that makes this point absolutely clear. The Order To Show Cause For Preliminary Injunction [ECF No. 19] contained two ordering paragraphs. Paragraph (a) proposed to bar USSM and related parties from holding themselves out as the owner of Union Station Investco ("USI") or otherwise having an interest in the operation or management of Washington Union Station and related relief. Paragraph (b) proposed to bar USSM from interfering with the Lender's rights to act as attorney-in fact for USSM in the Condemnation Action including the Lender's "exclusive power to collect, receive, and retain any condemnation award and having the exclusive power to make any compromise or settlement in connection with the" Condemnation Action.

# KASOWITZ BENSON TORRES LLP

Hon. Gregory H. Woods
March 6, 2025
Page 2

At the August 23, 2022 preliminary injunction hearing, after granting the Plaintiff's request for the entry of preliminary injunctive relief, the Court read into the record its proposed order which contained no reference to the Condemnation Action. *See* Hearing Transcript [ECF No. 49 at 70-71]. Immediately afterwards, The Court, addressing USSM's Counsel stated: " let me just note I'm not now adjudicating one of the [arguments] that you raised, namely, the effect of that last sentence in 5.2.2 about the amount of the property. I'm not taking a position on that now." [ECF No. 49 at 72]. This was a clear reference to USSM's argument that even if the foreclosure of USSM's interest in USI was effective, USSM was nonetheless potentially entitled to share in any condemnation award based on section 5.2.2 of the Mezzanine Loan Agreement. USSM's counsel then asked whether the Court was granting any of the relief sought in paragraph (b) of the Order to Show Cause to which the Court responded "all I am proposing now to do is to do what I just said. It does vary substantially from what they asked for." *Id.*

Following this exchange, USSM's counsel sought further assurances that USSM would not violate the Preliminary Injunction Order by asserting USSM's rights in the Condemnation Action. [ECF 49 at 77]. In response, Lender's counsel acknowledged that the proposed preliminary injunction did not preclude USSM's right to participate in the Condemnation Action and "[t]hat is simply a separate issue that we'll have to deal with Judge Mehta [in the Condemnation Action] at some later point in time." [ECF 49 at 79]. The Court then noted "plaintiff's acknowledgement that USSM, among other things is entitled to a seat at the table in connection with the condemnation action. I'm not taking a position on that issue." The Court then struck from the proposed order a provision that could be construed as limiting USSM's ability to protect its own rights: "If the injunction contains broad language prohibiting [USSM] from interfering broadly with lenders' ownership and control of USI, it might be that actions taken by [USSM] or the affiliated entities to vindicate their own interests rather than to subvert the interests of USI could be viewed as violating that subclause. So I'm going to strike that." [ECF 49 at 80].

With this background, we address each of the alleged violations of the Preliminary Injunction Order claimed in the Letter. Plaintiff bases its allegations on arguments USSM made in opposition to a motion by Amtrak to dismiss USSM from the Condemnation Action for lack of standing, and a joint motion by Amtrak, Lender and USI to approve a consent judgment based on a settlement that Amtrak had reached with Lender and USI without USSM's knowledge or participation (the "Motions"). These arguments were made (a) in a motion by USSM for more time to respond to the Motions [Exhibit A to the Letter], (b) USSM's Opposition to the Motions [Exhibit B to the Letter] and (c) at the hearing on the Motions [Exhibit C to the Letter]. In substance, the Motions sought to deprive USSM of a "seat at the table" in the Condemnation Action. In response to the Motions, USSM argued that it had standing to appear in the Condemnation Action, for among other reasons, because under Section 5.2.2. of the Mezzanine Loan Agreement, it had a right to share in a condemnation award to the extent the award exceeded the debt on Union Station and that, for that reason the other defendants could not settle the Condemnation Action without USSM's participation.

# KASOWITZ BENSON TORRES LLP

Hon. Gregory H. Woods
March 6, 2025
Page 3

Because nothing in the Preliminary Injunction Order precludes USSM from asserting its rights to participate in the Condemnation Action, or from asserting that the other parties could not settle the Condemnation Action without USSM's participation,  Plaintiffs' claim that USSM violated the Preliminary Injunction Order by asserting its own rights is plainly without foundation.  USSM was asserting the same rights that it asserted in response to the preliminary injunction motion that, as explained above, the Court expressly stated on the record it was not ruling on, and that USSM could assert in the Condemnation Action.  Moreover, as stated above, Plaintiffs' counsel acknowledged at the preliminary injunction hearing that the Court was not ruling on USSM's standing in the Condemnation Action, and that issue would have to be decided by Judge Mehta in that Action.[1]  Contrary to Plaintiff's assertion, USSM did not assert in the Condemnation Action the rights of USI but only asserted the rights of USSM.  Plaintiff's argument that USSM violated the Preliminary Injunction Order by asserting a right to a portion of the condemnation award that would otherwise go to USI is meritless.  The rights that USSM was asserting were its own rights that the Court has previously determined were not affected by the Preliminary Injunction Order.[2]  It does not matter that if USSM were correct, it could receive a portion of the award that might otherwise have gone to USI.[3]  Nor does it matter that Plaintiffs describe USSM's arguments as "tortured" or contrary to "basic tenets" of condemnation law. Plaintiffs views regarding the merits of USSM's arguments are irrelevant to whether USSM has complied with the Preliminary Injunction Order.

Plaintiffs' final argument, that USSM should have sought an instruction or clarification from the Court before it contested the Motions is also spurious.  To the extent the Preliminary Injunction order is not clear and unambiguous, USSM sought and obtained the clarification it required to participate in the Condemnation Action at the preliminary injunction hearing.  The Court specifically made clear at that hearing that it was not taking any position on the merits of USSM's claim to a share of the condemnation award and it was not limiting USSM's ability to assert its own rights in the Condemnation Action, which included the right to receive a portion of the award.  Plaintiffs' counsel agreed.  No further clarification was required for USSM to oppose the Motions.  Indeed, if Plaintiffs truly believed that USSM was violating the Preliminary Injunction Order by asserting its rights in the Condemnation Action, Plaintiffs should have sought this Court's intervention immediately and not waited for two and half years after the Preliminary Injunction Order was entered to obtain any clarification it thought necessary or desirable.

---

[1] The Letter (page 3) weakly argues that USSM's right to a "seat at the table" in the Condemnation Action did not include a right to claim a share of the condemnation award. That makes no sense since without that right having a seat at the table is meaningless.

[2] Lender suggests that USSM argued to the Condemnation court that it had a right to "control" USI. That argument is specious. USSM has argued all along that it has contractual rights under Section 5.2.2 of the Mezzanine Loan agreement and those are the arguments it presented in the Condemnation Action.

[3] Nothing in the record indicates who will actually receive the condemnation settlement proceeds. The Lender has taken the position that the proceeds are insufficient to pay the obligations to the Lender which suggests that USI will not receive any of the proceeds.

K ASOWITZ  B ENSON  T ORRES  LLP

Hon. Gregory H. Woods
March 6, 2025
Page 4


        For the foregoing reasons, the proposed contempt motion is without any basis and the
request to file it should be denied.


                                                    Respectfully,

                                                    /s/ *David E. Ross*

                                                    David E. Ross


cc: All counsel of record (via ECF)